May it please the Court, John Mansfield, representing Appellants Glacier Films US, Inc. and Glacier Films I, LLC. Appellants or plaintiffs below. We are here to, on an appeal from an opinion and order, denying attorneys' fees in a copyright case in which all the liability and the damages were stipulated pursuant to a consent judgment that was entered before the Court. We argue that the Court below, in its order, abused its discretion in several ways. First of all, we argue that it committed clear error by finding facts with insufficient or no record evidence. What facts did it find? I'd be happy to march through those. Well, just briefly. I'll get it. What facts did the district court find that led to its abusive discretion in denying attorneys' fees? The first fact that it relies on that was an abusive discretion was its holding that the plaintiff was unsuccessful in this case, Your Honor. Was that a finding of fact, or is that just a conclusion? Whether it's a finding, the plaintiff, it could be a conclusion of law, and to the extent it is a conclusion of law, it was an error to rely on it. The finding of fact in this case has to do with whether or not the plaintiff was successful. The plaintiff, of course, was successful in receiving an injunction and $750. That is the minimum of statutory damage. They were successful in altering the relationship between the parties. Completely successful, Your Honor. What other fact did the district court find that was not supported? The other fact that the district court found was that the factor number five under the Fogarty factors, the need for deterrence. The court found that the defendant in this case would be sufficiently deterred by simply an award of the costs, which are about $750, and the $750 fees. However, and I'll just, if this is an ER, the court's order begins in ER 6, I believe, so I'm citing to ER 12. The court made no findings whatsoever about deterrence other than pointing to other cases that had made holdings, finding that a similar kind of, similar amounts were deterrent. There are no findings whatsoever about either the plaintiff or the defendant in this case and whether this would deter him. We'll note, and this is in our record evidence in the absurd sub record, this same defendant was later the subject of another case with a similar claim. What do you think the district court was trying to get at? What do you think the court was trying to get at here? By saying there was no need for deterrence. The district court here was trying to claim that, well, frankly, what the district court was trying to do was lump all of these BitTorrent cases that are out there, and it makes many, many findings, all of which we suggest, or not suggest, we claim are erroneous, regarding other cases that don't have anything to do with the plaintiff here. Sometimes they have to do with the same plaintiff's attorney who is former counsel, but findings about the motivations of the plaintiff. Can part of the judge's consideration be the conduct of the attorney in other similar cases, or are they limited just looking to this particular case? I would argue, Your Honor, that the discretion is discretion, but it has to be cabined by, and this Court has held before, that it has to be cabined by the law. It can't, it can't, it's not just anything you want to do. And, yes, since the- Let me ask you about the practical implications here, because you're operating under a district order in terms of how these cases are processed, correct? That's correct. And is it correct that you can't bring more than one defendant in a case in one instance or infringement in a case? That's correct. And, in fact, the- And so I'm a little perplexed when the district court says, although this resulted in an injunction, it's de minimis because there's a number of online privacy problems the plaintiff seeks to consider. But it's confusing to me how a plaintiff can't bring, in effect, multiple defendants, but then when you bring only one, the court says it's de minimis. So that, to me, shows this sort of collision between the practice in reality and the district court's order. So how can a plaintiff's attorney navigate that order and get fees? I agree with Your Honor entirely. That's exactly the problem, is that to comply with the local order, we can only do them one at a time.  I should note, by the way, that the attorney's fees are only six times as a 6-to-1 ratio, much less than the 10-to-1 ratios in some of the cases the court cited, you know. And they're not outrageous. They're $4,800. Well, the court, if the court decided to give fees, the court wouldn't necessarily need to award all of the requested fees, correct? That's correct. But the court never reaches that, of course, in this situation. Right. But, yes, your observation that the plaintiff has a Hobson's choice because it can have none of the efficiencies of multiple defendants, but it also is limited, if it's limited, to $1,500 for a case as Judge Posner in the Seventh Circuit and President not binding on this court, of course. But you can't try a copyright case for $3,000. And as a person who tries copyright cases in this district, I can attest to that myself. Well, you know, the word copyright troll infuses not only some of the cases cited, but I think Mr. Turchin says that you and your clients are copyright trolls. Is it true and does it matter? As my father always used to say, when you get down to name-calling, it means you are substantive, to say. That's what I think it is here. First of all, I am not and my clients are not trolls. They are distributors of movies. They produce movies. They're not simply owners of copyrights who are out there suing. I would question whether the word troll is even appropriate, but I frankly that shows, though, the sort of thinking that's going on with the lower court in this case. In fact, the court starts out on ER-7 with the first thing that the court says is since 2014, Plaintiff's Counsel has filed approximately 300 cases in this district. Plaintiff's Counsel. Is Plaintiff's Counsel on? That's Plaintiff's former counsel. That's not me personally. But why is that relevant? And throughout, you find that there are, in fact, if we look at another factor that the court relies on, which is that awarding attorneys' fees would not be appropriate here because it would not further the purposes of the Copyright Act. The court does not make any findings whatsoever about this particular case. Here's what the court says, ER-13. In these BitTorrent copyright cases, talking about all of the ones that are filed in this district, the threat of fee shifting has emboldened Plaintiff's Counsel to demand thousands of dollars to settle a claim even where the infringing defendant admits early in the case that they downloaded this movie. The court makes no finding that such a situation occurred in this case. Do you want to reserve your remaining time? Yes, Your Honor. I'll please have two minutes. Thank you. Or how much I have left. Thank you. Good morning, Your Honors. My name is Klaus Hamm, and I represent the defendant, Andre Churchin. The trial court in this case properly exercised its equitable discretion in denying attorney fees to the plaintiff, Glacier Films. It based its decision on legally sound considerations. It recited the proper legal standard. It recited the fogarty factors. It applied the relevant fogarty factors. And it applied the factors with the intention of promoting the purposes of the Copyright Act as required by the Supreme Court's jurisprudence. For the factor of the degree of success, it determined that the degree of success was small because the damages were relatively low compared to the amount of attorney's fees. In applying the deterrence factor, it said that there was no need for additional deterrence beyond $1,500 for downloading a single movie worth probably between $10 or $20 at most. And in considering the purposes of the Act, it appropriately determined that awarding fees in this case would encourage overaggressive assertion in negotiation of copyright claims. So how is a movie distributor in the situation of the plaintiff here, how are they supposed to protect their copyright when there's been a violation by using BitTorrent? The movie distributor is free to come to the court and to obtain damages award, but there's no presumption that the movie producer is entitled to attorney's fees, just like in many other types of cases in American litigation. The Supreme Court's explicitly held that the Act here, Section 505 of the Copyright  Act, does allow for the award of attorney's fees in appropriate cases. Why isn't this an appropriate case? This is not an appropriate case because awarding fees in this case would not further the purposes of the copyright. Why not? Isn't it true that this particular user downloaded the film 80 times? I don't know that that's true. But let's assume that that's true. Well, I don't know. You have to assume it if you look in the record. The record says this particular user, that's why they picked this IP address, downloaded it 80 times, and then it also showed that this particular user was associated with numerous other titles. So this person, I should call it IP address that then is translated into an individual, was not a random selection. And doesn't that matter? I think that that's a factor that the Court may consider, but the Court's. I don't consider any factor related to this case, it seems, as opposed to globally this conundrum the courts are in about copyright trolls and lots of copyright suits. I think in this case there was very little to consider because Kurtzang says that you're to look at the objective reasonableness of the party's litigation position. And in this case, Mr. Turchin had barely any litigation position at all. Well, Mr. Turchin had a position, I believe, once you were involved. He asserted a whole host of affirmative defenses, correct? The day that Mr. Turchin's pro bono counsel filed his notice of appearance, he filed an answer admitting that he had downloaded the movie and he made an offer of judgment for more than the Court ultimately awarded. To the extent that he had a litigation position, it was let's end this case and let's make sure that the plaintiff has the damages that it's entitled to. But weren't there a whole series of defenses and then the pleadings had to be amended and the defenses were actually at odds with what Turchin had said in his deposition? I mean, why were all those defenses dropped? The defenses were dropped in order to streamline the resolution of the case. The defendants entitled to the case were dropped in part because they were frivolous defenses, weren't they? I do not agree that they were frivolous defenses. And they were dropped within 5 days. So to the extent that they were frivolous defenses, the amended is to... So you can assert it and then drop it. I mean, the whole question is here, you know, why are you even asserting these defenses if, in fact, the answer is, you know, he downloaded this, now let's seek a resolution? He was entitled to make defenses. There are many different types of defenses under the Copyright Act. His defense wasn't I didn't download the movie. He admitted he downloaded the movie. He admitted that he downloaded the movie. He was entitled to make other defenses. He was entitled to make other defenses in trying to negotiate a settlement. He quickly agreed to drop the defenses that caused concern for the plaintiff. That's what reasonable litigants do. He dropped the defenses within 5 days, within the period allowed to amend his answer. This was not unreasonable conduct. This is actually the epitome of reasonable conduct. You would agree, though, wouldn't you, that Glacier Films is a prevailing party here? Absolutely. Prevailing parties are not presumptively entitled to fees. But that's the first step, correct? That is the first step. And so you have to be a prevailing party. You have to alter the positions of the two litigants. Yes. And that was accomplished here. That was accomplished. So it was appropriate to consider whether the plaintiff was entitled to fees. But it wasn't it wouldn't be appropriate to just automatically award them. No, I agree with you. As the magistrate judge pointed out, they have substantial discretion. They have substantial discretion, and they're supposed to use that discretion to further the purposes of the Copyright Acts. And in Fogarty, the Supreme Court specifically said that the purpose of the Copyright Act is not to maximize, to flood the courthouse with every potential infringement lawsuit that there is. That's not one of the ---- But a district court can't deny fees just because they don't like BitTorrent litigation, right? That would not be a sufficient reason. Is that what happened in this case? That is not what happened in this case. This district court has had a flood of BitTorrent cases. Plaintiff's former counsel had filed more than 300 cases in less than 3 years. Plaintiff itself had filed 26 cases. These cases had caused ---- Does it matter that this plaintiff, who is not the same as Plaintiff's counsel, had filed far less cases than the counsel himself had filed? I think that's something that the Court could consider, but I don't think ---- Are you penalizing the lawyer for the client's case because the lawyer is involved in all these BitTorrent cases? This isn't a penalty. This is a goody that the lawyer or the party isn't getting. Well, I guess does the fact that the attorney may be abusing the system in other similar cases play any role in the analysis? Absolutely. And the Supreme Court approved of that approach in Kurtzsang. The Supreme Court said that the courts may make fee decisions in order to deter overaggressive assertions of copyright claims. It cited a Sixth Circuit case where the Sixth Circuit had noted that the copyright holder had filed hundreds of suits. This is all in the text of the Kurtzsang opinion. This is an appropriate thing for the district court to consider. Even if the lawyer is representing different plaintiffs in the other cases? I think that under the wide-ranging inquiry that the district court is required to make, that that is something that may be considered, especially because these cases had led to a concerning pattern in the district court where settlement demands were being made for thousands and thousands of dollars from infringers who admitted early to infringing. Some of these settlement agreements that were reached were with infringers that didn't have counsel. There were particularly vulnerable individuals that had been pursued, as the district court noted, people that lived in adult foster care homes, people that lived on disability insurance. It's a terrible situation that you're outlining, but it's not the situation here. So the question is why should those issues filter through? It seems to me the district court tried to address those kind of problems by making this district-wide order. But now we're in a situation where, at least in your view, a particular client can be penalized simply because he's in the system where there are abuses. And I'm wondering what your best support for that is. Well, this is the precise type of case where there were these abuses, BitTorrent cases against individual defendants, and individual defendants often who need to have pro bono counsel appointed for them. This was the type of case where there were abuses, and it didn't want to encourage these types of cases. But where was the abuse in this case? Filing a suit? Nobody's arguing that there was abuse in this particular case. Well, that's exactly my point, is that in this case there's not abuse. Fortunately, there's this arrangement for pro bono counsel, which I think is admirable. But it doesn't seem to me that in trying to fix the system, the district court can penalize a particular case without looking at that particular case. So what is it in this case, not all the cases, what is it in this case that in your view justifies the denial of fees? In this case, the denial of fees, there's not a presumption in favor of fees. There has to be circumstances in a case that merit fees. And there were not circumstances in this case that merit fees. There's a limited degree of success. $1,500 is sufficient to deter copyright infringement. So those are factors in this case that the Court should have considered and did consider and considered appropriately to come to the conclusion that fees were not appropriate in this case. And then it also looked to the purposes of the Act, which it was supposed to do, and made the kind of reasoning that we've been discussing so far this morning. And that was appropriate as well. You could add to that that there was a prompt resolution of the case. Excuse me? I said I guess you could add to that that there was a quick resolution. Yes. The objective reasonableness of the litigant's conduct was. Despite the affirmative defenses in the answer. There's nothing wrong with making affirmative defenses. I understand. But, I mean, you know, on the other hand, there was a quick resolution. Yes, there was. The case didn't linger. The day that the party got counsel, he made an offer of judgment for more than the plaintiff obtained. Thank you. Thank you. Your Honor's comments that this is a case that it's about a bunch of other problems that are being put on the shoulders of my clients is exactly what the problem is. If you read through ER 6, you will note, and I could cite chapter and verse if I had a lot more time, but I don't. But I look at how many times she says these cases, bit-torn cases in general. Does it matter if it's the same lawyer? No, it doesn't, Your Honor. And here's why. First of all, the remedy for lawyer misconduct is through the bar or through the court's bar. They talked about Kurtzsang. Kurtzsang didn't say we need to punish lawyers. Kurtzsang said we need to punish litigants. Lawyers can't file cases without clients. My client, regardless, my client has me for its lawyer right now. And, you know, but other cases I've filed are not relevant. They may be in a disciplinary proceeding, but, Your Honor, that is simply not, there may be a problem here, but the problem is not the entity that should pay for that problem or not receive attorney's fees is not my client. One more quick thing I want to point out. It's notable that in the two major cases that the Court cited were unpublished opinions which are not precedential. That shows how strong and important the reasoning was. One of them, in fact, was, may I finish? Yes, please. One of them is not even citable to this Court, the New York Grateful Dead case. And, Your Honor, I think if you look at this, you'll see a well-meaning but misplaced effort to solve a problem, but the problem did not exist here and there's no record finding. Thank you for your time. Thank you. I think both counsels, especially having pro bono counsel, is very helpful in these cases. The case just argued, Glacier Films v. Turchin, is submitted.
judges: McKeown, Paez, Bashant